JACKSON & BRO. *v.* DANIEL GILLEN.

**Effect of Replevin Bond.**

The execution of a replevin bond constitutes a discharge of the judgment for which it was executed. The debt is merged in the replevin bond and the plaintiff must look to that alone for payment.

**Contribution.**

Where one obligor replevies the debt he may have contribution from his co-obligors.

APPEAL FROM BATH CIRCUIT COURT.

April 8, 1876.

OPINION BY JUDGE PRYOR:

The cases of *Crutcher v. Wolf,* and the *Justices of Mason v. Lee,* 1 T. B. Mon. 247, determine the question involved by this appeal. In

the last named case it was held that the execution of a replevin bond was not only a discharge of the judgment for which it was executed, but of a separate judgment against another co-obligor for the same debt. The judgment against Donaldson and its replevy by him was a satisfaction or discharge of the original debt.

If the judgment has been rendered against all the obligors and replevied by one of them, no execution could have properly issued against the others on the judgment. The debt is merged in the replevin bond, and the plaintiff must look to that alone for payment, as its execution operated as a legal discharge of the other defendants. The obligor replevying the debt may have contribution from his co-obligors, but the appellants' right of recovery against them is gone.

The judgment is *reversed* and cause remanded for a new trial, and for further proceedings consistent with this opinion. The appellees upon the facts presented, although not entitled to a judgment for the debt, cannot be entitled to a judgment for costs accruing up to the time of payment, the defense having arisen since the institution of the action.

*Nesbitt & Gudgell, for appellants.   Reid & Stone, for appellee.*